(No. 88116

## DU PAGE FORKLIFT SERVICE, INC., Appellee, v. MATERIAL HANDLING SERVICES, INC., Appellant.

*Opinion filed January 29, 2001.*

William M. Hannay and Linda K. Stevens, of Schiff, Hardin & Waite, of Chicago (Thomas J. Collin and Kenneth G. Cole, of Thompson, Hine & Flory LLP, of Cleveland, Ohio, of counsel), for appellant.

Marty J. Schwartz, of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, Du Page Forklift Service, Inc., brought the present action in the circuit court of Cook County to recover damages from the defendant, Material Handling

Services, Inc., for its alleged tortious interference with contractual and business relations. The circuit judge dismissed two of the three counts of the plaintiff's complaint, concluding that they were barred by collateral estoppel. The appellate court reversed, holding that the plaintiff was not precluded from bringing the claims. We allowed the defendant's petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now reverse the judgment of the appellate court and affirm the judgment of the circuit court.

Du Page Forklift Service, Inc. (Du Page Forklift), is an Illinois corporation that sells and services forklifts. In 1982, Du Page Forklift entered into a sales and service agreement with Machinery Distribution, Inc. (MDI), a Texas-based corporation that supplies forklifts. Under the agreement, Du Page Forklift was to sell and service Mitsubishi forklifts and related products in what was termed an "area of primary responsibility" that consisted of Du Page County and, later, also of Kane County. In 1992, MDI assigned its rights and responsibilities under the agreement to Mitsubishi Caterpillar Forklift America, Inc. (MCFA), also a Texas-based forklift supplier. In 1994, MCFA terminated its agreement with the plaintiff and entered into a distribution, sales, and services agreement with one of Du Page Forklift's competitors, Material Handling Services, Inc. (MHS), for MHS to sell and service Mitsubishi products in Du Page and Kane counties.

In December 1994, the plaintiff filed suit against both MCFA and MDI in federal court in the Northern District of Illinois. Count I of the plaintiff's four-count complaint alleged breach of contract, contending that the defendants violated an alleged exclusivity provision in the agreement by appointing MHS to the same territory served by Du Page Forklift. Count II of the federal complaint asserted that the plaintiff was a franchisee under

an Illinois statute, the Franchise Disclosure Act of 1987 (815 ILCS 705/1 through 44 (West 1996)), and alleged that MCFA violated the Act by terminating its agreement with Du Page Forklift without good cause. Count III of the complaint alleged tortious interference with the plaintiff's business expectancy, and count IV sought a declaratory judgment that Du Page Forklift owed no money to MCFA. MCFA filed its own suit against Du Page Forklift, alleging that Du Page Forklift owed MCFA a total of about $250,000 on a promissory note and for trucks and other equipment Du Page Forklift had received from MCFA. The federal court consolidated the two actions.

MCFA filed a motion to dismiss Du Page Forklift's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the plaintiff failed to state any claims on which relief could be granted. In March 1995, the district court granted in part and denied in part MCFA's motion. The district court dismissed count II, which alleged a violation of the Franchise Disclosure Act of 1987. The court found that the plaintiff failed to sufficiently allege that it was a franchisee within the meaning of the Act. The court dismissed count IV, which sought a declaratory judgment that Du Page Forklift did not owe any money to MCFA. The court also dismissed a portion of count I, not relevant here, but denied the motion with respect to the remainder of that count, the breach of contract claim based on an exclusivity agreement, and denied the motion to dismiss count III, alleging tortious interference. The court's March 1995 order did not specify whether the dismissals were with or without prejudice.

In September 1995, Du Page Forklift filed a motion seeking leave to amend its complaint in the federal action. The proposed amended complaint would have repleaded the dismissed counts, preserved the two

remaining counts, and added two new ones; the new counts alleged fraud and a violation of another Illinois statute, the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 through 12 (West 1996)). The district judge denied Du Page Forklift's motion to amend as untimely. The plaintiff later asked the court to amend its March 1995 order to provide that the dismissals were without prejudice. The court denied that motion as well. In denying that request, the district judge took note of the plaintiff's concern that dismissal with prejudice would effectively preclude it from relitigating the same claims in another forum. The court further observed that the plaintiff was free to pursue in another forum the fraud claims it had attempted to raise in the amended complaint.

MCFA filed two motions for summary judgment, with one addressed to Du Page Forklift's action and the other involving its own. In January 1996, the federal court granted MCFA's motion for summary judgment on the counts that remained in Du Page Forklift's suit: count I, alleging breach of a purported exclusivity clause in the contract between Du Page Forklift and MCFA, and on parts of count III, alleging tortious interference with Du Page Forklift's business expectancy. With respect to count I, the district court concluded that the agreement between Du Page Forklift and MCFA did not create a grant of exclusivity. The district court also granted in part MCFA's motion for summary judgment regarding MCFA's separate action, seeking recovery on the promissory note and for other claims. Du Page Forklift and MCFA settled the federal lawsuits in June 1996, when they entered into a stipulation to dismiss both actions with prejudice. The amount of the settlement agreement was not disclosed.

The plaintiff commenced the present action in April 1997 by filing a three-count complaint against MHS in

the circuit court of Cook County. Count I of the complaint alleged that MHS tortiously induced MCFA to breach the purported exclusivity provision in Du Page Forklift's contract with MCFA. Count II alleged that MHS tortiously induced MCFA to terminate the contract, in violation of the Franchise Disclosure Act of 1987 (815 ILCS 705/1 through 44 (West 1996)). Count III, which is not at issue in this appeal, alleged tortious interference with the plaintiff's customers.

In September 1997, MHS moved for summary judgment on counts I and II, contending that the doctrine of collateral estoppel barred relitigation of those claims in state court because they were substantially the same as the claims determined in counts I and II of the plaintiff's earlier federal action. The circuit judge agreed with MHS and granted the defendant summary judgment on counts I and II. The trial judge characterized the prior determinations as involving mixed questions of law and fact, and the judge thus found it unnecessary to follow precedent cited by the plaintiff that refused to give collateral estoppel effect to determinations of law. The judge also provided an alternative ground for her ruling with respect to count II, the franchise claim: the judge concluded that the Franchise Disclosure Act does not allow a private right of action against a third party for inducing a violation of the statute. The judge entered a finding under Supreme Court Rule 304(a) permitting the plaintiff to take an immediate appeal from the disposition of counts I and II (155 Ill. 2d R. 304(a)); proceedings on the remaining count, count III, alleging tortious interference with the plaintiff's customers, were stayed pending the appeal.

The appellate court reversed, holding that the circuit court erred in granting MHS summary judgment on counts I and II. The appellate court reasoned that the earlier determinations in the federal action involved is-

sues of law rather than of fact, and the appellate court believed that collateral estoppel may not be applied to determinations of law. The court also found that the matter raised in count II of the present complaint was not resolved in the earlier federal action and therefore was not barred by collateral estoppel in any event. No. 1—98—0783 (unpublished order under Supreme Court Rule 23). We allowed the defendant's petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now reverse the judgment of the appellate court.

I

Collateral estoppel is an equitable doctrine. When properly applied, collateral estoppel, also referred to as issue preclusion, promotes fairness and judicial economy by preventing the relitigation of issues that have already been resolved in earlier actions. *Kessinger v. Grefco, Inc.*, 173 Ill. 2d 447, 460 (1996). When invoked in subsequent litigation by parties who were not involved in the earlier proceedings, collateral estoppel precludes a plaintiff from relitigating issues by switching adversaries, and it thus provides the plaintiff with an incentive to join all defendants in the first action. *In re Owens*, 125 Ill. 2d 390, 398 (1988). Collateral estoppel may be applied when the issue decided in the prior adjudication is identical with the one presented in the current action, there was a final judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication. *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill. 2d 1, 7 (1979).

The appellate court held that the circuit court erred in granting MHS's motion for summary judgment on counts I and II. The appellate court found that the issues resolved in the earlier federal action were ones of law, and the court believed that collateral estoppel may apply only to determinations of fact, and not to those of law.

The plaintiff urges us to adopt this rationale. In support of its position, the plaintiff cites other appellate court decisions that similarly appear to limit application of collateral estoppel to factual determinations. See *Nokomis Quarry Co. v. Department of Revenue*, 295 Ill. App. 3d 264, 267 (1998); *City of Chicago v. Chicago Fiber Optic Corp.*, 287 Ill. App. 3d 566, 576 (1997); *Wright v. Chicago Municipal Employees Credit Union*, 265 Ill. App. 3d 1110, 1115 (1994); *Oberman v. Byrne*, 112 Ill. App. 3d 155, 160 (1983).

The defendant argues that collateral estoppel should apply equally to questions of law and findings of fact and asserts that no reason exists for distinguishing between the two for purposes of applying the doctrine. The defendant points to decisions by the United States Supreme Court and the Illinois appellate court, and to other authorities, as well, that have stated that collateral estoppel may apply both to determinations of law and to determinations of fact. See *Montana v. United States*, 440 U.S. 147, 153, 59 L. Ed. 2d 210, 217, 99 S. Ct. 970, 973 (1979); *Herriford v. Boyles*, 193 Ill. App. 3d 947, 954 (1990); *Morris v. Union Oil Co.*, 96 Ill. App. 3d 148, 153 (1981); see also *Rekhi v. Wildwood Industries, Inc.*, 61 F.3d 1313, 1317 (7th Cir. 1995) (noting split among Illinois appellate court decisions on subject and predicting that this court would follow general rule and apply collateral estoppel equally to rulings of law and findings of fact). Thus, the United States Supreme Court has explained, "Under the judicially developed doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158, 78 L. Ed. 2d 379, 383, 104 S. Ct. 568, 571 (1984).

The Restatement (Second) of Judgments similarly

states that collateral estoppel may apply to both issues of fact and law. Section 27 of the Restatement provides:

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982).

Although section 27 refers to "a subsequent action between the parties," the Restatement makes clear elsewhere that nonparties to the earlier proceeding may invoke the doctrine as a defense, as MHS attempts to do here. See Restatement (Second) of Judgments § 29 (1982) ("Issue Preclusion in Subsequent Litigation with Others").

The cases that limit application of collateral estoppel to factual determinations offer no persuasive reason for doing so. We believe that no grounds exist for applying collateral estoppel to earlier determinations of fact but not to earlier determinations of law. Withholding collateral estoppel in the latter context is contrary to the purposes that underlie the doctrine—promoting fairness and judicial economy. See Restatement (Second) of Judgments § 28, Comment b, at 275 (1982) (ordinarily not necessary to determine whether issue on which preclusion is sought is one of fact or of law). In light of the authority extending collateral estoppel to determinations of law as well as of fact, we conclude that the doctrine should be available in the circumstances in this case, involving determinations of law.

The plaintiff correctly observes that in some instances preclusive effect will be denied to a prior determination of an unmixed question of law made in an unrelated action. See United States v. Stauffer Chemical Co., 464 U.S. 165, 171, 78 L. Ed. 2d 388, 393, 104 S. Ct. 575, 578-79 (1984); Restatement (Second) of Judgments § 28(2) (1982). This narrow exception to the general rule

of collateral estoppel for prior determinations of law is not applicable here, however. Section 28 of the Restatement provides, in pertinent part:

"Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

\*\*\*

(2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws."

We do not believe that the exception cited by the plaintiff is relevant here. In the present case, the claims asserted by the plaintiff in the two suits are closely related. Both the federal action and the state action arise from a common core of fact, grow out of the plaintiff's contract with MCFA, and involve the interpretation of those parties' sales and distribution agreement. In sum, we see no reason to withhold application of the doctrine of collateral estoppel on the ground that the case presents only questions of law. See *Stauffer Chemical Co.*, 464 U.S. at 172, 78 L. Ed. 2d at 394, 104 S. Ct. at 579 (applying collateral estoppel to prior determination of law, and declining to invoke exception to doctrine for "unmixed questions of law" arising in successive, unrelated actions); *Montana v. United States*, 440 U.S. 147, 162-63, 59 L. Ed. 2d 210, 222-23, 99 S. Ct. 970, 978 (1979) (same).

## II

Having determined that collateral estoppel may generally apply to prior determinations of law, we next consider whether the doctrine precludes the plaintiff from bringing either count I or count II of the present action. In resolving this issue, we apply the three ele-

ments of collateral estoppel to the instant case to determine whether Du Page Forklift is precluded by that doctrine from pursuing these counts in state court. As noted earlier, collateral estoppel is properly invoked when the issue decided in the prior adjudication is identical with the one presented in the current action, there was a final judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication. *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill. 2d 1, 7 (1979). We will consider these requirements in turn.

## A

Count I of the plaintiff's present complaint, alleging tortious interference with Du Page Forklift's exclusivity provision under its contract with MCFA, is premised on the grant to Du Page Forklift of an exclusive territory. This was an issue resolved in the federal action, however; the district court concluded that no exclusivity provision existed in Du Page Forklift's agreement with MCFA. It is clear that count I of the present action seeks to raise the same issue. The count bears the title, "Tortious Interference with Exclusivity Provision of the Agreement," and it alleges that the agreement granted the plaintiff an exclusive territory. Thus, we conclude that issue decided in the federal lawsuit is identical with the one presented in this count of the state suit. The first element of collateral estoppel, therefore, is satisfied with respect to count I.

Count II in the present action alleged tortious interference with the termination provision in the sales and service agreement between Du Page Forklift and MCFA under the Franchise Disclosure Act of 1987. We conclude that the same issue was decided in the federal action. In federal court, Du Page Forklift similarly alleged a violation of the Franchise Disclosure Act of 1987.

In the federal action, Du Page Forklift alleged that MCFA violated the Franchise Disclosure Act of 1987 (815 ILCS 705/1 through 44 (West 1996)). Du Page Forklift asserted that it was a franchisee under the Act, and it alleged that MCFA terminated the agreement without good cause, in violation of the Act. In dismissing this portion of the federal suit, the district court reasoned that Du Page Forklift could not invoke the protections of the Act because it did not establish the existence of a franchise relationship between itself and MCFA. Accordingly, the federal court dismissed the claim for failure to state a claim.

The plaintiff argues, however, that it has alleged somewhat different factual grounds on which to base the finding of a franchise relationship. The federal action sought to base the existence of that relationship on the amounts of product rebates and discounts sold to the plaintiff, and on the provision of training sessions and seminars. Count II of the present action seeks to base the existence of a franchise relationship on slightly different grounds, alleging that the plaintiff was required to attend training sessions and was required to purchase sales publications and product manuals. The plaintiff notes that amounts paid by a distributor for the purchase of sales publications and product manuals were found sufficient by a jury in one case to establish the existence of a franchise relationship. See *To-Am Equipment Co. v. Mitsubishi Caterpillar Forklift American, Inc.*, 152 F.3d 658 (7th Cir. 1998). The plaintiff attempted to present the same theory in the amendments that the federal district court refused to allow it to make to its complaint. The judge at that time noted that the new allegations were not newly discovered, and that the plaintiff could have included them in its original complaint. We do not believe that the additional allegations raised in the state complaint are sufficient to destroy the identity of issue

between the two actions required by the doctrine of collateral estoppel. Offering somewhat different evidence on what is essentially the same claim will not bar preclusion here. See *Lo Russo v. Industrial Comm'n*, 258 Ill. App. 3d 59 (1994). As the defendant observes, the issue to be given preclusive effect here is the federal district court's ruling that the plaintiff was not a franchisee under the Act, not whether a particular purchase constituted an indirect franchisee fee. The plaintiff cannot avoid preclusion merely by offering evidence in a later action that could have been presented in the initial determination. *Yamaha Corp. of America v. United States*, 961 F.2d 245, 255 (D.C. Cir. 1992); Restatement (Second) of Judgments § 27, Comment *c*, at 253 ("An issue on which relitigation is foreclosed may be one of evidentiary fact, of 'ultimate fact' (*i.e.*, the application of law to fact), or of law. *** Thus, for example, if the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact. *** And similarly if the issue was one of law, new arguments may not be presented to obtain a different determination of that issue").

In declining to give preclusive effect to the federal action, the appellate court provided an alternative holding with respect to count II, distinct from its conclusion that collateral estoppel does not apply to determinations of law. The appellate court concluded that this portion of the present action raises a theory of recovery independent of the existence of a franchise agreement. Specifically, the court construed the count as alleging tortious interference with the agreement, regardless of the existence of a franchise relationship between the plaintiff and MCFA. We do not agree. The gravamen of the count is that the plaintiff was a franchisee under the Franchise

Disclosure Act of 1987, that MHS caused MCFA to terminate the relationship without good cause, and that the termination was a violation of the Act. We do not believe that the count properly alleged an additional theory of recovery, independent of the Franchise Act.

### B

We next determine whether there was a final judgment on the merits in the prior litigation. In the federal action, the district court granted summary judgment in favor of defendant MCFA on count I and dismissed count II with prejudice. Both rulings constituted adjudications on the merits for purposes of collateral estoppel. Comment *d* to section 27 of the Restatement (Second) of Judgments supports this view; it provides:

"When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section. An issue may be submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment ***, a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict. A determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof." Restatement (Second) of Judgments § 27, Comment *d*, at 255 (1982).

Under the view expressed in the Restatement, then, both dispositions made by the federal court in the earlier proceedings—the grant of summary judgment to the defendant on count I of the federal action, and the dismissal of count II with prejudice—would be regarded as adjudications on the merits. Illinois law is in accord with this view. Summary judgment is the procedural equivalent of a trial and is an adjudication on the merits. *Poulos v. Reda*, 165 Ill. App. 3d 793, 801 (1987). Dismissal with prejudice for failure to state a claim is also tantamount to an adjudication on the merits. *American Buy-*

*ers Club of Danville, Illinois, Inc. v. Belmont Marketing, Inc.*, 95 Ill. App. 3d 330 (1981); *Village of Arlington Heights v. American National Bank & Trust Co.*, 72 Ill. App. 3d 744 (1979). Thus, we conclude that the entry of summary judgment in favor of the defendant on count I of the federal action and the dismissal with prejudice of count II constituted adjudications on the merits for purposes of applying collateral estoppel.

Having determined that entry of summary judgment and dismissal for failure to state a claim were adjudications on the merits, we next consider whether those rulings were final orders. The plaintiff argues that under Rule 54(b) of the Federal Rules of Civil Procedure the district court's rulings granting summary judgment on count I and dismissing count II were not final orders because they were subject to revision at any time prior to a final determination. The plaintiff would conclude from this that the orders may not form the basis for collateral estoppel here.

Rule 54(b) states, in pertinent part:

"[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. Proc. 54(b).

The plaintiff is correct in stating that the federal court's rulings of dismissal for failure to state a cause of action and summary judgment were interlocutory orders pursuant to Rule 54(b). But the analysis does not end there. We believe that the district court's interlocutory orders became final ones for purposes of collateral estoppel when Du Page Forklift and MCFA settled their federal lawsuits by agreeing to dismiss them with prejudice. Interlocutory orders and decrees are merged into the final

order of the district court (*John's Insulation, Inc. v. L. Addison & Associates, Inc.*, 156 F.3d 101, 105 (1st Cir. 1998)), and interlocutory orders rendered in a case typically merge with the judgment for purposes of appellate review (*Shannon v. General Electric Co.*, 186 F.3d 186, 192 (1st Cir. 1999); *Allied Air Freight, Inc. v. Pan Am World Airways, Inc.*, 393 F.2d 441, 444 (2d Cir. 1968)). When Du Page Forklift stipulated to dismiss its federal action with prejudice, the suit was extinguished. The dismissal with prejudice amounted to an abandonment of the plaintiff's claims and rights as a matter of law, and collateral estoppel thus may bar the plaintiff from relitigating the same issue in a subsequent action. *Van Slambrouck v. Marshall Field & Co.*, 98 Ill. App. 3d 485, 487 (1981). Additional authority supports this view. Collateral estoppel may apply to determinations made prior to the entry of a settlement agreement disposing of the underlying litigation. See *Knodle v. Jeffrey*, 189 Ill. App. 3d 877, 885-86 (1989). Federal authority is consistent with this view. See, *e.g.*, *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1472 (Fed. Cir. 1989); *TM Patents, L.P. v. IBM*, 72 F. Supp. 2d 370, 378 (S.D.N.Y. 1999); *Siemens Medical Systems, Inc. v. Nuclear Cardiology Systems, Inc.*, 945 F. Supp. 1421, 1435-37 (D. Colo. 1996).

## C

The third requirement for application of collateral estoppel is whether the party against whom estoppel is asserted was either a party to, or in privity with a party to, the prior adjudication. Du Page Forklift, the party against whom the doctrine is being raised, was, of course, a party to the prior litigation. Moreover, we believe that the plaintiff had a full and fair opportunity to litigate these claims in the earlier proceeding.

\* \* \*

Because all three elements of collateral estoppel have

been established with regard to counts I and II of the present complaint, we conclude that Du Page Forklift is barred from relitigating these claims in state court. For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*