STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: R.L. Vallee PUD (Spillane's) - 811 Williston Rd. | } | Docket No. 100-5-07 Vtec |
| (Appeal of Timberlake Associates LLP) | } | |
| | } | |

Decision and Order on Cross-Motions for Partial Summary Judgment

Appellant Timberlake Associates LLP appealed from a decision of the Development Review Board of the City of South Burlington, approving a preliminary plat application by Appellee-Applicant R. L. Vallee, Inc. for a Planned Unit Development (PUD) at Spillane's Service Center at 811 Williston Road. Appellant is represented by Pamela A. Moreau, Esq. and Liam L. Murphy, Esq; Appellee-Applicant is represented by Thomas G. Walsh, Esq.; and the City is represented by Amanda Lafferty, Esq. Appellant and Appellee-Applicant have each moved for summary judgment on Questions 1 and 2[1] of the Statement of Questions. The following facts are undisputed unless otherwise noted.

Prior to 1987 the .48-acre property at 811 Williston Road, close to the Interstate 89 interchange, was improved with an existing 2,240-square-foot gasoline service station building with eight available fueling positions. In 1987, then-owner Mobil Oil Corporation (Mobil) applied for site plan approval to demolish the existing gasoline service station building, to construct a 1,089-square-foot building for use as a convenience store, and to install two canopies, one on the east side over one gasoline island, and one on the west side over two gasoline islands, with a total of six gasoline dispensers providing twelve fueling positions. The property is in the Commercial 1 zoning district and the Traffic Overlay 1

---

[1] The scheduling order in this matter anticipated that the motions would also address Question 5 of the Statement of Questions; however, Appellants withdrew Question 5 in their July 26, 2007 Motion for Partial Summary Judgment, at p. 1, n.1.

1

zoning district. The proposal included two curb cuts from Williston Road, each to be thirty-five feet in width as shown on the 1987 plan, and proposed to move the existing access to the adjacent property closer to Williston Road.

The then-Planning Commission denied the application, which was appealed to the Chittenden Superior Court. The Court also denied the application, due to concerns regarding increased traffic based on the additional fueling positions, and due to concerns regarding left-hand turns from the property to the westbound lanes of Williston Road. The Vermont Supreme Court affirmed the denial in an unpublished decision, In re Mobil Oil Corp., Docket No. 90-212, Entry Order at 2 (Vt. Supreme Ct., Apr. 1, 1992).

In the twenty years since the 1987 application, South Burlington has adopted new Zoning Regulations, the latest of which were adopted May 12, 2003 and amended effective October 24, 2006. In the twenty years since the 1987 application, changes may also have been made in the configuration of Williston Road adjacent to and east and west of the property, and to nearby intersections and accesses to other nearby properties; however, material facts regarding such changes have not been provided to the Court[2] in connection with the present motions.

In early 2007, Appellee-Applicant applied for preliminary plat approval for a planned unit development to retain the now-existing 2,313-square-foot service station building and its now-existing front (north side) canopy and two front (north side) gasoline islands. Appellee-Applicant proposes to change the building's use to a convenience store and short-order restaurant, and to reduce the number of fueling positions on the existing front gasoline islands from eight to six. Based on the 2007 site plan, the westerly curb cut is proposed to remain at thirty-five feet in width and the easterly curb cut is proposed to

[2] In its reply memorandum filed on August 10, 2007, at p. 10, Appellee-Applicant alludes to differences on Williston Road, including the existence of Appellant's business neighboring the project property.

2

be reduced from 34.8 feet to twenty-five feet in width. The proposal also includes additional striping at the easterly end of the existing raised median curbing in the center of Williston Road, apparently intended to regulate vehicles seeking to exit the property to the left, or westerly, across traffic onto the westbound lanes of Williston Road. The application proposes to remove some existing parking spaces and pavement, and to increase the landscaped areas, so as to reduce the front yard coverage from the existing 90.45% coverage to 70.2% percent coverage, and to reduce the impervious coverage from the existing 91.94% coverage to 69.2% coverage.

The Zoning Regulations in effect at the time of the 1987 application for this property required commercial driveways to be a minimum of twenty feet wide and a maximum of thirty-six feet wide. 1985 S. Burlington Zoning Regulations § 19.103(b). The 2006 Zoning Regulations governing Appellee-Applicant's PUD application do not contain similar numerical requirements; rather, they require that the project incorporate "access, circulation and traffic management strategies sufficient to prevent unreasonable congestion of adjacent roads." 2006 S. Burlington Zoning Regulations § 15.18 A(3).

While the DRB is entitled to reject an application without hearing and render a decision if the issues have been decided in an earlier appeal[3] or "involve substantially or materially the same facts by or on behalf of" the applicant, 24 V.S.A. § 4470(a), the DRB is not required to do so. Rather, the DRB, and hence this Court in this de novo appeal, may consider even the same or a substantially similar application if the surrounding physical circumstances or applicable regulations have changed, and may consider a changed

---

[3] The current statute, 24 V.S.A. § 4470(a), in part codifies, for zoning applications, the doctrine of collateral estoppel or issue preclusion, which bars the relitigation of claims already fully adjudicated in a prior proceeding. Trickett v. Ochs, 2003 VT 91, ¶10 (citing In re Central Vermont Public Service Corp., 172 Vt. 14, 20 (2003)).

3

application developed to address the problems for which the earlier application was denied. A successive application[4] may be presented if "there has been a substantial change in the application or the circumstances." In re Armitage, 2006 VT 113, ¶8 (citing In re Carrier, 155 Vt. 152, 158-59 (1990)); In re: Murphy Conditional Use Application, Town of Bakersfield v. Murphy, Docket Nos. 134-6-06 Vtec and 168-7-06 Vtec, slip op. at 8-9 (Vt. Envtl. Ct., Nov. 16, 2006). A substantial change in circumstances can occur when there have been changes to the application itself, to address concerns that caused the previous denial, Armitage, 2006 VT 113, ¶9, a change in the physical surroundings of the property, Carrier, 155 Vt. at 158 (citing Rocchi v. Zoning Bd. of Appeals, 248 A.2d 922, 925 (Conn. 1968)), or a change in the governing regulations. In re Miller Subdivision Final Plan (Appeal of Fothergill), Docket No. 178-7-06 Vtec, slip op. at 6-7 (Vt. Envtl. Ct., Mar. 21, 2007); see also DuPage Forklift Serv., Inc. v. Material Handling Serv., Inc., 744 N.E.2d 845, 850 (Ill. 2001) (citing Restatement 2d of Judgments §28(2)). However, if an applicant merely seeks to introduce additional evidence in a successive proceeding that could have been presented in the earlier proceeding, the DRB, and hence this Court, is not required to reconsider the application. In re Armitage, 2006 VT 113, ¶9.

While we do not now decide whether the differences in the present application from the 1987 application either meet the requirements of the 2006 Zoning Regulations, or address the 1987 Superior Court's concerns about the 1987 application, in the present case, Appellant-Applicant is entitled to demonstrate that the intervening changes in the physical circumstances along that stretch of Williston Road, the intervening changes in the Zoning Regulations, or the changes in the proposal, allow the application to be made and allow the DRB, and hence this Court, to consider the application on its merits.

---

[4] This doctrine may be referred to as the "successive application doctrine," Armitage, 2006 VT 113, ¶6; 24 V.S.A. §4470(a); it embodies the same principles as the doctrine of collateral estoppel. Carrier, 155 Vt. at 158.

4

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Partial Summary Judgment on Questions 1 and 2 is DENIED, and Appellee-Applicant's Motion for Partial Summary Judgment on Questions 1 and 2 is GRANTED.

A telephone conference has been scheduled (see enclosed notice) to discuss whether the present preliminary plat approval appeal should be placed on inactive status pending the DRB's decision of the final plat approval application, as discussed in the initial conference held in this matter on July 2, 2007 (so that all issues may be heard together on their merits), and to establish the mediation schedule contemplated by the July 3, 2007 scheduling order.

Done at Berlin, Vermont, this 17th day of August, 2007.

_____
Merideth Wright
Environmental Judge

5