In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 17-3107

EOR ENERGY LLC, *et al.*,

*Plaintiffs-Appellants*,

*v.*

ILLINOIS ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

*Defendants-Appellees*.

———————————

Appeal from the United States District Court for the
Central District of Illinois.
No. 3:16-cv-03122 — **Sue E. Myerscough**, *Judge*.

———————————

ARGUED SEPTEMBER 21, 2018 — DECIDED JANUARY 16, 2019

———————————

Before WOOD, *Chief Judge*, and FLAUM and HAMILTON, *Circuit Judges*.

WOOD, *Chief Judge*. In March 2007 the Illinois Environmental Protection Agency (IEPA) brought charges before the Illinois Pollution Control Board (the Board) against EOR Energy, LLC (EOR) and AET Environmental, Inc. (AET). The IEPA accused EOR and AET of violating the Illinois Environmental Protection Act, 415 ILCS 5/1–5/58, by transporting hazardous-waste acid into Illinois, storing that waste, and then injecting

it into EOR's industrial wells in Illinois. EOR challenged its
prosecution by arguing that under the environmental law
scheme put in place by Illinois, the IEPA and the Board do not
have jurisdiction over EOR's acid dumping. EOR took that ar-
gument all the way through the Illinois courts, losing at every
turn. The state courts determined that under Illinois law,
EOR's jurisdictional argument is meritless.

Having lost in the state courts, EOR has turned to the fed-
eral courthouse. It would like the federal district court to issue
a declaratory judgment that under federal law, the IEPA and
the Board do not have jurisdiction over any future attempts
to dump similar acidic waste into its wells. The district court
dismissed the case on several grounds: the Eleventh Amend-
ment, issue preclusion, and a hint of *Rooker-Feldman*, to the
extent that EOR was trying to undo the adverse decisions
from the state courts. We agree with the district court that this
suit cannot proceed in federal court: it is blocked by claim and
issue preclusion; in some respects *Rooker-Feldman* deprives
the district court of subject-matter jurisdiction; and to the ex-
tent that anything else remains, EOR is stymied by the Elev-
enth Amendment.

In 2002 a tire production facility in Colorado experienced
an emergency overheating of industrial acid. AET Environ-
mental was hired by the plant to dispose of the acid. When it
could not find a nearby waste disposal plant that would ac-
cept the acid, AET decided to ship the acid to EOR, an oil com-
pany with wells in Illinois. EOR stored the acid in Illinois for
two years. At that point, it decided to inject some of the acid
into its wells. It ultimately disposed of the rest of the acid after
several inspections and investigations into the safety of the
acid as potentially dangerous hazardous waste. Five years

later, the IEPA brought charges before the Board against EOR and AET (collectively EOR), identifying the transportation, storage, and injection of the acid as violations of Illinois environmental law. In June 2012, the IEPA filed an unopposed motion for summary judgment. The Board granted that motion and imposed $60,000 in sanctions against AET and $200,000 against EOR. EOR then filed a motion for reconsideration, arguing for the first time that the Board did not have jurisdiction under state law over its suit. EOR asserted that it was not injecting "waste" into its wells. Instead, it said, it was merely injecting an acid that was used to treat the wells and aid in petroleum extraction. Therefore, according to EOR, the Illinois Department of Natural Resources (the Department) had exclusive jurisdiction over EOR's injection of acid into a "Class II well" under the Illinois Oil and Gas Act, 225 ILCS 725/1. The Board rejected this argument and denied EOR's motion for reconsideration.

EOR appealed directly to the Appellate Court of Illinois (Fourth District), which affirmed the Board's decision. *E.O.R. Energy, LLC v. Pollution Control Bd.*, 2015 IL App (4th) 130443, ¶ 100 (2015). The Appellate Court emphasized that this was a matter of state law, specifically Illinois's "comprehensive statutory structure for the regulation of underground injection of materials into wells in Illinois," although the statutory scheme was "promulgated with federal approval." *Id.* at ¶ 83. The court interpreted the Illinois Environmental Protection Act as giving the Board jurisdiction to decide this type of case, and the IEPA jurisdiction to enforce this matter, "[b]ecause the acid material was both a 'waste' and a 'hazardous waste' within the meaning of the Act." *Id.* at ¶¶ 72–80. It further held that not only was the Department's jurisdiction in this area

not exclusive; it was non-existent. The court held that the Department's authority is limited to the injection of certain fluids associated with oil and gas production. *Id.* at ¶¶ 81–88. Both the Supreme Court of Illinois, *E.O.R. Energy, LLC v. Pollution Control Bd.*, 396 Ill. Dec. 175 (2015), and the Supreme Court of the United States, *E.O.R. Energy, LLC v. Illinois Pollution Control Bd.*, 136 S. Ct. 1684 (2016), declined to hear EOR's appeals.

Almost immediately after losing in state court, EOR and AET filed this action, purportedly seeking a declaratory judgment through the citizen-suit provisions of the two federal laws—the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901–6992k, and the Safe Drinking Water Act, 42 U.S.C. §§ 300f–300j-27—that allow states to develop their own statutory schemes after obtaining federal approval. As it did in the state-court action, EOR argues that Class II injection wells in Illinois are exclusively regulated by the Department, and so the IEPA is not empowered to require EOR to obtain a Class I permit or otherwise prosecute EOR for (as it describes in its brief) trying "to use cheap or off-spec acid similar to that used in the 2002-2004 acidization" into its Class II wells. The district court granted the IEPA's motion to dismiss for failure to state a claim upon which relief can be granted. We review that dismissal *de novo*. *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016).

EOR's complaint, which we must accept as true at this stage, paints a clear picture of what it would like to do. EOR wants to continue injecting the hazardous acid into its wells, but this time it would like to do so armed with a declaratory judgment from a federal court that will protect it from another enforcement action brought by the IEPA and another penalty

imposed by the Board. As EOR puts it, it would like to conduct these operations "without fear of a similar ordeal as they are currently enduring." It cites past litigation costs and the enforcement of the state court's order—through fines and the direction to obtain permits or cease unlawful conduct—as the kinds of harms it seeks to avoid with a federal court order.

We emphatically reject this undisguised attempt to execute an end-run around the state court's decision. That court has considered and ruled on EOR's arguments about the distribution of power among Illinois's environmental agencies. First, its decision is final. Second, there is no federal interest in which state agency is authorized to take action. And above all, EOR ignores the duty of the federal courts to respect state-court judgments and the jurisdictional barrier that would exist if what it really wants is lower federal-court review of the state-court results.

To the extent EOR wanted the district court and now this court to review and set aside the state court's adverse decision, it runs into the *Rooker-Feldman* doctrine, under which lower federal courts lack jurisdiction to review state-court judgments or to decide matters inextricably related to state court decisions. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The heart of EOR's claim is that the Illinois Appellate Court declared the wrong rule of law and that we should correct it. EOR would like us to hold that the IEPA and the Board indeed lack jurisdiction to hold EOR accountable for dumping acidic waste into its wells. But if EOR believed that the

Illinois court got it wrong, its remedy was to ask the state supreme court, and thereafter the Supreme Court of the United States, to correct the error. It filed the necessary petitions, but those courts chose not to hear its case. That was the end of the line. There is no asterisk appended to the *Rooker-Feldman* doctrine saying that it evaporates once *certiorari* is denied. The state court has adjudicated EOR's claim, and that is that: it may not come to the federal courthouse for Round Two.

It may be more accurate, however, to read EOR's complaint and briefs in this court as acquiescing in the state court's judgment, including the penalties it imposed, and asking simply for a new ruling on the pure issues of law. In that case, we do not face a *Rooker-Feldman* problem, but EOR is no better off. The reason is simple: litigants cannot simply ignore legal rulings from a competent state court and receive a do-over in federal court. The full faith and credit statute, 28 U.S.C. § 1738, dictates the opposite rule: federal courts must give the same preclusive effect to a state-court judgment that it would receive under state law. See, *e.g.*, *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

Even if, as EOR insists, its federal-law arguments are different from the questions relating to the allocation of powers among the state agencies that were decided on the merits in the prior litigation, that does not matter. Illinois applies claim preclusion when the original state court rendered a final judgment on the merits; the claims arise out of the same nucleus of fact; and the parties are identical. See *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). This blocks parties not only from re-litigating the issues the state court actually entertained; it also bars litigation of any theory that could have been raised. And if that were not enough, EOR also faces issue

preclusion. EOR raised its jurisdictional argument in the prior state proceedings, and that issue was necessary to the Illinois court's decision on the merits. Under those circumstances, EOR may not re-litigate that issue. See *Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 195 Ill. 2d 71, 77 (2001).

We add for good measure that the Eleventh Amendment prohibits a federal court from ordering any relief against a state agency based on state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 106 (1984). Although the enforcement of environmental laws is in part accomplished through a partnership between the states and the federal government, federal law has nothing to say about which agency a state is entitled to use in carrying out those tasks. That is purely a matter of state law.

EOR also has asked this court for the opportunity to cure and refile its complaint. We deny its request. There is no way that EOR could remedy the errors outlined above. Any change in the suit that would remove these flaws would also destroy EOR's standing and the entire point of its lawsuit. If EOR intends to ignore the state court's rulings and inject the same kinds of hazardous waste acid into the same kinds of wells, then it will have to account for its actions before the state authorities. If, on the other hand, EOR wants to inject into its wells an entirely different acid that is not hazardous waste under Illinois law, then it will have to take its chances in a future proceeding that is not at this time ripe for any federal-court action.

We AFFIRM the judgment of the district court.