# Illinois Official Reports

## Appellate Court

*Pine Top Receivables of Illinois, LLC v. Transfercom, Ltd.*, 2017 IL App (1st) 161781

| | |
|---|---|
| Appellate Court Caption | PINE TOP RECEIVABLES OF ILLINOIS, LLC, Plaintiff-Appellant, v. TRANSFERCOM, LTD., Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-1781 |
| Filed | March 31, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-L-009145; the Hon. Raymond Mitchell, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Mary Cannon Veed & Associates, of Hinsdale (Mary Cannon Veed, of counsel), for appellant.<br><br>Karbal, Cohen, Economou, Silk & Dunne, LLC, of Chicago (Robert A. Badgley and Edward Fitzsimmons Dunne, of counsel), for appellee. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Justices Rochford and Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1    In 1986, Pine Top Insurance Company (Pine Top) became insolvent and was placed into liquidation under the supervision of the circuit court of Cook County. A liquidator appointed by the court conducted an accounting and proceeded to demand payment from various entities that had entered into reinsurance contracts with Pine Top, seeking to recover amounts due under those contracts. Eventually, the liquidator sold Pine Top's accounts receivable to plaintiff-appellant Pine Top Receivables of Illinois, LLC (PTR), an entity formed specifically for the purpose of accepting and collecting the receivables.

¶ 2    On September 24, 2015, PTR sued defendant-appellee Transfercom, Ltd. (Transfercom), in the circuit court of Cook County seeking to collect sums claimed due from Transfercom under a reinsurance contract. PTR's complaint alleged that it was the assignee of accounts receivable from the liquidator and sought recovery for breach of contract and damages pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2014) (providing for the recovery of attorney fees)) based on Transfercom's unreasonable and vexatious delay in asserting defenses to the liquidator's claims against it. PTR did not attach to its complaint the assignment of Pine Top's receivables from the liquidator[1] but did attach a copy of the reinsurance contract between Pine Top and Transfercom.

¶ 3    Notwithstanding that it filed suit to collect the receivable, PTR sought to compel Transfercom to arbitrate the claim pursuant to the provisions of the reinsurance contract. Pursuant to Illinois Supreme Court Rule 307(a) (eff. Feb. 26, 2010), PTR appeals from an order of the circuit court of Cook County denying its motion to compel arbitration of its claims against Transfercom. See *Fahlstrom v. Jones*, 2011 IL App (1st) 103318, ¶ 3 (order refusing to compel arbitration is the equivalent of order denying an injunction).

¶ 4    Transfercom was not the first reinsurer from whom PTR sought to collect. In 2012, PTR sued Banco de Seguros del Estado, a Uruguayan entity, in the federal district court for the Northern District of Illinois. PTR's complaint sought to compel arbitration but alternatively sought recovery for breach of contract. The district court determined that PTR had no right to enforce the arbitration clause in the reinsurance contract because the assignment from the liquidator conveyed to PTR the right to collect the debt but did not convey all of the rights and duties under the reinsurance contract, including the ability to demand arbitration. *Pine Top Receivables of Illinois, LLC v. Banco de Seguros del Estado*, No. 12 C 6357, 2013 WL 2574596, at *2-6 (N.D. Ill. June 11, 2013).

¶ 5    PTR appealed. Affirming, the Seventh Circuit Court of Appeals determined that although the assignment from the liquidator authorized PTR to " 'demand, sue for, compromise and recover' " the balance due the liquidator and to "do all things necessary or useful" to collect

---

[1]Transfercom includes a copy of the Purchase Agreement and Assignment of Debt between PTR and the liquidator in an appendix to its brief and represents that the document is part of the record in a federal case, *Pine Top Receivables of Illinois, LLC v. Banco de Seguros del Estado*, No. 12 C 6357, 2013 WL 3776971 (N.D. Ill. July 18, 2013). But since Transfercom has not asked us to take judicial notice of this document and because including a document not a part of the record in an appendix is improper, we will not consider this document. See *People v. Wright*, 2013 IL App (1st) 103232, ¶ 38 ("[I]nclusion of evidence in an appendix is an improper supplementation of the record with information *dehors* the record.").

those debts, PTR was not thereby entitled to enforce Pine Top's rights under the reinsurance agreements, including the right to demand arbitration. *Pine Top Receivables of Illinois, LLC v. Banco de Seguros del Estado*, 771 F.3d 980, 991-92 (7th Cir. 2014). The Seventh Circuit reasoned:

> "Not only is 'demand arbitration' not specifically included in the transferred rights, it is of an entirely different character. Ownership of a debt may imply the right to recover the debt absent some legal impediment, but it does not imply the right to use a means not otherwise established as a right under the law." *Id.*

The court also noted that the agreement between the liquidator and PTR did not transfer the policies themselves, specifically providing that the " 'assignment *** shall not *** be construed to be a novation or assignment' " of the reinsurance contracts. *Id.*

¶ 6    Transfercom's response to PTR's motion to compel arbitration invoked the collateral estoppel effect of the Seventh Circuit's decision and alternatively argued that by filing its complaint to collect the debt, PTR waived the right to demand arbitration. The trial court agreed with Transfercom's first contention and denied the motion to compel arbitration.

¶ 7    As there are no facts in dispute, we review *de novo* the trial court's order denying PTR's motion to compel arbitration. *Fahlstrom*, 2011 IL App (1st) 103318, ¶ 13. To the extent the trial court applied collateral estoppel based on the undisputed facts, we likewise review that determination *de novo*. *Lelis v. Board of Trustees of the Cicero Police Pension Fund*, 2013 IL App (1st) 121985, ¶ 13.

¶ 8    Collateral estoppel, also referred to as issue preclusion, will prevent a party from relitigating an issue if the following elements are present: (1) the issue decided in the prior litigation is identical to the one presented in the current case, (2) there was a final adjudication on the merits in the prior case, and (3) the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior litigation. *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 77 (2001); *Forest Preserve District v. Chicago Title & Trust Co.*, 2015 IL App (1st) 131925, ¶ 72. Collateral estoppel may be either offensive or defensive. In rare cases, a plaintiff may use collateral estoppel offensively to preclude a defendant from relitigating an issue already resolved in plaintiff's favor. *Herzog v. Lexington Township*, 167 Ill. 2d 288, 295 (1995). More commonly, collateral estoppel is raised defensively to prevent a plaintiff from relitigating an issue already resolved against plaintiff in an earlier case. *Id.*; *Prospect Development, LLC v. Kreger*, 2016 IL App (1st) 150433, ¶ 33.

¶ 9    This case involves the defensive use of collateral estoppel, *i.e.*, Transfercom seeks to preclude plaintiff PTR from relitigating the issue of whether it is entitled to demand arbitration of claims against Pine Top's reinsurers. We find that the trial court properly invoked collateral estoppel to deny PTR's motion to compel arbitration.

¶ 10    On appeal, PTR does not dispute that the issue in *Pine Top Receivables* and this case is identical or that PTR was a party to the federal case. PTR argues that the Seventh Circuit's decision is not "final" for purposes of collateral estoppel. On this point, PTR contends that at the time the trial court ruled on the motion to compel arbitration, the decision in *Pine Top Receivables* was not final because that case was remanded to the district court for further proceedings. Following remand, the district court granted summary judgment against PTR on statute of limitations grounds, a ruling PTR indicates it has appealed. Because no final "judgment" has been entered in the federal case, PTR contends collateral estoppel cannot apply. Further, because the interpretation of the assignment from the liquidator was not

necessary to the "judgment" ultimately entered in the federal case regarding the timeliness of PTR's claims, PTR argues that there was no final ruling on the "merits" to support collateral estoppel. We disagree.

¶ 11        *Pine Top Receivables* resolved the "merits" of the issue of whether PTR was entitled to demand arbitration of claims assigned to it by the liquidator and concluded that it was not. Under the Federal Arbitration Act, PTR was required to pursue an interlocutory appeal of the order denying its motion to compel arbitration. 9 U.S.C. § 16 (2012). Had PTR failed to pursue an appeal of the district court's order, its ability to later contest that order would have been foreclosed. Once PTR exhausted all avenues of review of that interlocutory order, it became "final" for collateral estoppel purposes, notwithstanding that there remained other issues to resolve on remand. Stated differently, once the Seventh Circuit resolved the arbitration issue in PTR's interlocutory appeal, neither the district court nor the Seventh Circuit in any later proceedings would have occasion to revisit that issue. See *Ballweg v. City of Springfield*, 114 Ill. 2d 107, 113 (1986) ("For purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted."). To adopt PTR's position would allow PTR to litigate the same issue with each reinsurer *ad infinitum*, thus frustrating the purpose of collateral estoppel to promote fairness and judicial economy by preventing parties from relitigating issues already resolved against them. *Du Page Forklift*, 195 Ill. 2d at 79.

¶ 12        PTR invokes concerns of "fairness" in applying collateral estoppel in this case. Typically, "[a] court's determination not to apply collateral estoppel because of unfairness *** rests either on some inadequacy in the forum in which the matter was first determined [citation], or on the view that the party to be estopped did not previously have a full and fair opportunity to litigate the issue, perhaps because the party had no motivation to vigorously litigate the issue in the earlier case [citation]." *Richter v. Village of Oak Brook*, 2011 IL App (2d) 100114, ¶ 25. Neither consideration applies here given that PTR vigorously litigated its entitlement to demand arbitration in the federal proceedings.

¶ 13        PTR nevertheless contends that it is unfair to foreclose its ability to relitigate its entitlement to demand arbitration because PTR is thereby prevented from obtaining a "precedential ruling" regarding its right to arbitrate. PTR reasons that in denying its motion to compel arbitration, the federal court was applying Illinois law and that because "Illinois courts, not federal courts, are the arbiters of state law" (*Hope Clinic for Women, Ltd. v. Flores*, 2013 IL 112673, ¶ 79), PTR should be entitled to litigate its entitlement to demand arbitration in an Illinois court. But PTR does not identify any Illinois law that countervails the result reached in the federal case, and so its request to relitigate the issue amounts to nothing more than seeking a second bite at the apple. See *Du Page Forklift*, 195 Ill. 2d at 82-84 (precluding plaintiff from relitigating issues determined in federal lawsuit against one defendant in a later-filed state court lawsuit against other defendants). Further, there is no little irony in PTR's invocation of fairness considerations when PTR, professing a desire to obtain a ruling on the meaning of the assignment from the liquidator, failed to attach that document to its complaint or provide it to the trial court.

¶ 14        PTR finally argues that giving the federal ruling collateral estoppel effect raises the specter of precluding only PTR from demanding arbitration while allowing the various reinsurers, who may not be bound by the federal ruling, to invoke the arbitration clause in the reinsurance contract. We cannot predict what other reinsurers, many of whom PTR represents are foreign

entities not amenable to suit in this country, may or may not do when faced with PTR's demand for payment. Suffice to say that Transfercom has not demanded arbitration of PTR's claims, nor could it under the circumstances of this case. And in any event, since PTR claims to desire arbitration of its claims, all it needs to do is consent to arbitration if demanded by another reinsurer.

¶ 15      The circuit court of Cook County's order denying PTR's motion to compel arbitration is affirmed.

¶ 16      Affirmed.