2022 IL App (1st) 220002-U

THIRD DIVISION
November 30, 2022

No. 1-22-0002

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| ANDRE KILPATRICK, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | 20-L-602 |
| | ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) | Honorable |
| d/b/a CHICAGO PUBLIC SCHOOLS, | ) | Margaret Ann Brennan and |
| | ) | Mary Colleen Roberts, |
| Defendant-Appellee. | ) | Judges Presiding |

_____

PRESIDING JUSTICE McBRIDE delivered the judgment of the court.
Justices Gordon and Burke concurred in the judgment.

O R D E R

¶ 1    *Held*:  The dismissal of plaintiff's complaint affirmed where collateral estoppel barred him from relitigating issue that was resolved against him in a prior proceeding.

¶ 2    In both 2014 and 2017, plaintiff, Andre Kilpatrick, applied for employment with Chicago Public Schools (CPS) or a CPS-operated charter school. Plaintiff was briefly employed in 2014 before he was discharged following the results of a mandatory criminal background check which showed two violent felony convictions. After his discharge, plaintiff filed an action under the Illinois Human Rights Act, arguing that he was discharged—not based on those convictions—but instead based on an arrest that was also included on his background check, in violation of the

Illinois Human Rights Act (Act) (775 ILCS 5/1-101, *et seq.* (West 2014)). 775 ILCS 5/2-103(A) (West 2014) (prohibiting discrimination based upon an individual's arrest record, or upon criminal history record information ordered expunged, sealed or impounded). While that proceeding was ongoing, plaintiff applied again for employment with CPS in 2017. Plaintiff's application was denied, and plaintiff filed another claim under the Act, again alleging that the employment decision was based on his arrest record and not his convictions. After plaintiff's initial action was dismissed for lack of substantial evidence, this court affirmed the dismissal, finding no evidence that the school relied on his arrest rather than his convictions in its decision to discharge him. *Kilpatrick v. Human Rights Commission*, 2020 IL App (1st) 190879-U. Thereafter, the court dismissed plaintiff's second discrimination claim, concluding that the claim was barred by *res judicata* and collateral estoppel.  It is this dismissal from which plaintiff now appeals.

¶ 3     The facts underlying the prior appeal showed that in 2014, plaintiff applied for a teaching position at Urban Prep Academies (Urban Prep), a charter school operated by CPS. Plaintiff was hired for the position and was employed as a teacher at Urban Prep from July 30, 2014, to September 30, 2014, when he was discharged after CPS ran a mandatory criminal background check. Witnesses who testified on behalf of Urban Prep presented evidence that all background checks were performed through CPS, and that plaintiff's background check revealed that he had convictions for two counts of resisting a peace officer and one count of aggravated battery of a peace officer, for which he served jail time. A compliance officer for CPS informed Urban Prep that plaintiff was placed on the "do not hire" list.

¶ 4     There was also evidence that CPS used a list of enumerated offenses to disqualify individuals seeking employment. Plaintiff believed that Urban Prep's decision to discharge him was based on his arrest record in violation of the Act (775 ILCS 5/2-103(A) (West 2014)), because

his arrest was for an offense on the enumerated offenses list, while his convictions were not. Plaintiff testified that he was shown the background check at the time he was discharged, and that the background check included both his convictions and arrests, including an arrest for aggravated sexual assault.

¶ 5 Witnesses for Urban Prep, however, testified that employment decisions were made on a case-by-case basis depending on the nature of the offense. Although plaintiff's convictions were not included on the list, witnesses for Urban Prep testified that the list was not exhaustive and Urban Prep had discretion to make an employment decision based on other convictions that were not included on the list. Those witnesses indicated that the decision to discharge plaintiff was based on the nature of his convictions, "which were violent convictions and for which jail time was served."

¶ 6 The investigator recommended that the Illinois Department of Human Rights (Department) find a lack of substantial evidence regarding plaintiff's claim. The investigator found that plaintiff was discharged because he failed the mandatory background check, which came back with "violent felony convictions," and that there was no evidence that Urban Prep discharged plaintiff because of his arrest record. The Department accepted the investigator's recommendation, and dismissed plaintiff's charge.

¶ 7 Plaintiff filed a request for review with the Illinois Human Rights Commission (Commission), and in March 2019, the Commission sustained the Department's dismissal of plaintiff's charge for lack of substantial evidence. The Commission found that Urban Prep articulated a non-discriminatory reason for its actions, namely that plaintiff failed a mandatory criminal background check, and there was no evidence of pretext. Plaintiff provided no evidence that Urban Prep made its decision in bad faith, and no evidence of any comments regarding

plaintiff's arrest record or any of the underlying allegations for which plaintiff was arrested. Finding plaintiff presented no additional evidence that would warrant a reversal of the Department's original determination, the Commission sustained the Department's dismissal of the charge. On April 30, 2019, plaintiff filed a petition for administrative review of the Commission's decision with this court.

¶ 8    This court affirmed the Commission's decision, noting that plaintiff provided no direct evidence of discrimination, and that Urban Prep articulated a legitimate, non-discriminatory reason for petitioner's discharge—namely discharge based on his criminal convictions, which was not prohibited by the Act. *Kilpatrick*, 2020 IL App (1st) 190879-U, ¶ 34. We further found that plaintiff did not meet his burden to prove Urban Prep's stated reason was pretextual. *Id.* at ¶ 35. We found plaintiff's "entire argument [to be] pure speculation," which could not constitute substantial evidence, and that there was "no evidence that [Urban Prep] relied upon his arrest rather than the convictions for 'violent' offenses in making the adverse employment decision." *Id.* at ¶¶ 36; 38. We further explained that there was no evidence to support plaintiff's claim "that the only individuals CPS could place on its 'do not hire' list were those with convictions on the enumerated offenses list." *Id.* at ¶ 36. To the contrary, there was testimony that the list was "not exhaustive," and we concluded that "it follows that CPS still has discretion regarding placing teachers on the 'do not hire' list." *Id.*

¶ 9    Meanwhile, in 2017, while plaintiff's request for review was pending at the Commission level, plaintiff applied to become a substitute teacher at CPS. CPS informed him he failed the background check and did not hire him. Plaintiff then filed a second charge with the Illinois Department of Human Rights, alleging that CPS wrongly denied him employment as a substitute teacher and that CPS did not have a proper basis to refuse to hire him based on his failed

background check. The Commission issued plaintiff a right-to-sue letter in 2019, and plaintiff filed an employment discrimination complaint in the Circuit Court of Cook County alleging that CPS failed to hire him on the basis of his arrest record.

¶ 10    In March 2021, after this court issued its opinion in *Kilpatrick v. Human Rights Commission*, 2020 IL App (1st) 190879-U, the Board moved to dismiss plaintiff's lawsuit under Section 2-619 of the Code of Civil Procedure. The Board contended his second lawsuit was barred by the doctrine of *res judicata*, because the first lawsuit had been dismissed in a final judgment, and that he was collaterally estopped from re-litigating the issue of his ineligibility for hire at CPS, because this court had ruled that CPS's background check was not discriminatory. The Board also argued that plaintiff's lawsuit was time-barred, because he did not challenge CPS's "do not hire" designation from 2014, which made him ineligible for employment at CPS, in a timely fashion after he learned of that designation.

¶ 11    Plaintiff responded that the prior lawsuit was "a wholly unrelated 2014 adverse employment action brought by Plaintiff Kilpatrick against a different employer, Urban Prep, where the Appellate Court upheld a Commission decision of dismissal for lack of evidence." Plaintiff alleged the CPS "do not hire" designation was not at issue in the prior case, and that CPS was not named as a party in those proceedings.

¶ 12    On July 23, 2021, the trial court dismissed the complaint, finding it barred by *res judicata* where plaintiff could have brought "his cause of action for the improper ['do not hire'] designation in the prior case." The court concluded, however, that collateral estoppel did not apply because the appellate court did not reach the issue of whether plaintiff's "do not hire" designation was proper.

¶ 13    Plaintiff then moved to reconsider that dismissal. Plaintiff asserted that the trial court erred in finding that he could have brought the action in the prior case because "plaintiff has not alleged

[CPS] failed to hire him because of an improper designation (inclusion on a "do not hire" list), rather he has alleged [CPS] failed to hire him based on his arrest record in violation of 775 ILCS 5/2-103(A)."

¶ 14    On November 29, 2021, the court entered a written order expanding on its previous findings. The court explained, as to *res judicata*, that it had previously found that the Board and Urban Prep "were in privity because Urban Prep sufficiently represented [the Board]'s interests in the prior matter of hiring educators as providing a safe environment for learning." The court noted that while this court had not specifically reached the issue of whether the "do not hire" designation was proper, it had addressed and rejected plaintiff's "argument that he was fired due to his arrest record." The court noted that plaintiff "again seeks to recover under a claim of discrimination due to Defendant's failure to hire him based on his arrest record, which was previously adjudicated by the Appellate Court." Accordingly, the court denied plaintiff's motion to reconsider the previous dismissal on grounds on *res judicata*.

¶ 15    The court, did, however, reconsider its prior finding that collateral estoppel did not apply. The court noted that it had previously denied that motion to dismiss as to collateral estoppel based on "the mistaken belief that [p]laintiff sought adjudication based on the 'do no hire' designation." The court explained, however, that plaintiff clarified "that he seeks to litigate whether the [the Board]'s failure to hire him was due to his arrest records, not specifically the 'do not hire' designation." Because the appellate court had reached the issue regarding discrimination based on plaintiff's arrest record, the court concluded that plaintiff's claims were also barred by the doctrine of collateral estoppel.

¶ 16    Plaintiff filed a timely notice of appeal, and in this court, plaintiff contends that the circuit court erred in dismissing his complaint.

¶ 17    As an initial matter, the Board asks this court to dismiss plaintiff's appeal, based on plaintiff's failures to comply with Supreme Court Rules 341 and 342, which govern the content of appellate briefs. Specifically, the Board points out that plaintiff's appellant's brief fails to include an appendix and points and authorities section, and plaintiff's statement of facts "lacks many of the facts that are necessary to understand this appeal." In plaintiff's reply brief, plaintiff entirely fails to respond to the Board's assertions regarding his briefing inadequacies, or to its request for dismissal.

¶ 18    We agree with the Board that plaintiff's brief violates Supreme Court Rules 341 and 342. Plaintiff includes many claimed facts in his brief without citations to the record, and many times when record citations do appear, they are inaccurate. See Ill. Sup. Ct. R. 341(h)(6) and (7) (eff. Oct. 1, 2020). Although plaintiff's appellant brief contains a section entitled "Points and Authorities," that section does not include any authorities cited or a reference to the page of the brief on which each heading and each authority appear, as required by Rule 341(h)(1) (eff. Oct. 1, 2020). Further, plaintiff's brief does not include an appendix, with a table of contents, the judgment appealed from, any opinion, memorandum, or findings of fact filed or entered by the administrative agency that are the basis of the appeal, the notice of appeal, and a complete table of contents with page references of the record on appeal, as required by Rule 342. Ill. Sup. Ct. R. 342 (eff. Oct. 1, 2019).

¶ 19    We find plaintiff's violations particularly egregious here, as plaintiff was previously warned about a similar violation in his prior appeal. In that case, plaintiff also neglected to supply this court with an appendix required by Supreme Court Rule 342 (eff. Oct. 1, 2019), and this court specifically cautioned plaintiff that we may strike a brief or dismiss the appeal for his failure to

comply with the rules. See *Kilpatrick*, 2020 IL App (1st) 190879-U, ¶ 26, citing *Marzano v. Department of Employment Security*, 339 Ill. App. 3d 858, 861 (2003).

¶ 20    Our supreme court's rules governing appellate briefs are mandatory. *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 7. A party's failure to comply with the rules runs the risk that this court will strike the offending portions of a noncompliant brief, or, in rare cases, dismiss an appeal for serious rule violations. *Collier v. Avis Rent A Car System, Inc.*, 248 Ill. App. 3d 1088, 1095 (1993). However, striking an appellate brief or dismissing an appeal are harsh sanctions, and we will generally impose such sanctions only when the violations of the rules hinder our effective appellate review. *Hall,* 2012 IL App (2d) 111151, ¶ 15. Although plaintiff violated supreme court rules governing the proper preparation and filing of briefs, we decline to strike his brief or dismiss the appeal. In spite of the deficiencies, plaintiff's challenge is clear and the merits of the appeal can be readily ascertained. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2011).

¶ 21    In this appeal, plaintiff alleges that the trial court erred in granting the Board's motion to dismiss pursuant to section 2-619(a) of the Code. A motion to dismiss under section 2-619(a) admits the sufficiency of the complaint, but asserts a defense outside the complaint defeats it. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. When ruling on a motion under 2-619(a) a trial court accepts well-pleaded facts as true, "but a court cannot accept as true mere conclusions unsupported by specific facts." *Id.* In considering a 2-619(a) motion, a trial court may take judicial notice of particular facts that do not necessarily appear on the face of the plaintiff's complaint, such as facts drawn from public records. *Metzger v. Brotman*, 2021 IL App (1st) 201218, ¶ 27. On appeal, this Court reviews a trial court's dismissal order under a *de novo* standard of review. *Lutkauskas v. Richter,* 2015 IL 117090, ¶ 29.

¶ 22    In this case, the trial court found that dismissal was appropriate under paragraph (a)(4) of section 2-619 of the Code (735 ILCS 5/2-619(a)(4) (West 2020)), which provides that a defendant may move to dismiss an action where "the cause of action is barred by a prior judgment." Specifically, the court found that plaintiff's claim was barred under the doctrines of *res judicata* and collateral estoppel.

¶ 23    A prior judgment may have preclusive effects in a subsequent action under the doctrines of *res judicata* and collateral estoppel. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001). *Res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Nowak,* 197 Ill. 2d at 389. There are three requirements before *res judicata* applies to bar a claim: (1) "a final judgment on the merits rendered by a court of competent jurisdiction"; (2) "an identity of [the] cause[s] of action"; and (3) "an identity of parties or their privies." *Rein v. David A. Noyes & Co.,* 172 Ill. 2d 325, 335 (1996). When *res judicata* serves as a bar against the prosecution of a second action between the same parties upon the same claim or demand, it is conclusive not only as to every matter that was offered to sustain or defeat the claim, but as to any other matter that might have been offered for that purpose. *Nowak,* 197 Ill. 2d at 389.

¶ 24    By contrast, the doctrine of collateral estoppel bars the trial of an issue that has been fairly and completely resolved in a previous proceeding. *Talarico v. Dunlap,* 281 Ill. App. 3d 662, 665 (1996). The doctrine applies when a party, or someone in privity with a party, participates in two separate and consecutive cases arising on different causes of action, and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction. *Nowak,* 197 Ill. 2d at 389–90. Under collateral

estoppel, the adjudication of the fact or question in the first cause will be conclusive of the same question in the later suit. *Id.* at 390.

¶ 25　In order to establish collateral estoppel, a defendant must establish that (1) the issue decided in the prior litigation is identical to the one presented in the current case, (2) there was a final adjudication on the merits in the prior case, and (3) the party against whom estoppel was asserted was a party, or was in privity with a party, to the prior litigation. *Pine Top Receivables of Illinois, LLC v. Transfercom, Ltd.*, 2017 IL App (1st) 161781, ¶ 8. In determining whether collateral estoppel applies, this court must determine whether the party against whom the estoppel is asserted had a full and fair opportunity and an incentive to litigate the issue in the prior proceeding (*Talarico,* 281 Ill. App. 3d at 665), and this court must balance the need to limit litigation against the right to a fair adversary proceeding in which a party may fully present its case (*Nowak,* 197 Ill. 2d at 391). "When properly applied, collateral estoppel or issue preclusion promotes fairness and judicial economy by preventing relitigation in one suit of an identical issue already resolved against the party against whom the bar is sought." *Kessinger v. Grefco, Inc.,* 173 Ill. 2d 447, 460 (1996).

¶ 26　Before turning to an analysis of either doctrine in this case, we note that plaintiff has focused his appellant brief solely on *res judicata.* As the Board points out in its response brief, plaintiff makes one passing reference to collateral estoppel in his argument section, contending that it "failed to establish collateral estoppel for the same reasons [as were presented regarding *res judicata*]." Plaintiff does not set forth the required elements to establish collateral estoppel, indicate how those elements are lacking, or cite any relevant authority.

¶ 27　Plaintiff's brief mention of collateral estoppel does not comport with Supreme Court Rule 341 (eff. Oct. 1, 2020), which requires appellants to include cohesive argument and citation to

relevant authority to support each of their claims of error. An appellant's failure to provide an argument and citation to facts and authority, in violation of Rule 341, results in forfeiture of our consideration of that issue. *Holt v. City of Chicago,* 2022 IL App (1st) 220400, ¶¶ 2-3; *BAC Home Loan Servicing, LP v. Mitchell,* 2014 IL 116311, ¶ 23 ("an appellant's failure to argue a point in the opening brief results in forfeiture under Supreme Court Rule 341(h)(7)"); *Sakellariadis v. Walters,* 391 Ill. App. 3d 795, 804 (2009) ("The failure to assert a well-reasoned argument supported by legal authority is a violation of *** Rule 341(h)(7) ***, resulting in waiver"). Although a reply brief would not be a proper place to introduce new argument (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)), we note that, even after the Board pointed out plaintiff's failure, plaintiff did not attempt to remedy its deficiency by fleshing out its argument regarding collateral estoppel in his reply brief. In these circumstances, this court may find that plaintiff forfeited any claim of error regarding collateral estoppel by failing to include it in his opening brief. *Thrall Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986) ("The appellate court is not a depository in which the appellant may dump the burden of argument and research"). And because *res judicata* and collateral estoppel provide alternative bases upon which this court could affirm the circuit court's judgment, plaintiff's forfeiture could end this court's analysis. See *Mutual Management Services, Inc. v. Swalve*, 2011 IL App (2d) 100778, ¶ 11 (This court may affirm on any basis supported by the record, regardless of the trial court's reasoning).

¶ 28    Nonetheless, forfeiture aside, we would conclude that the trial court properly determined that the doctrine of collateral estoppel merits dismissal of defendant's claim.

¶ 29    As stated above, collateral estoppel applies when a party participates in two separate and consecutive cases and some controlling factor or question material to the determination of both cases has been fully and completely resolved by a court of competent jurisdiction against the party

in the former suit. *Hayes v. State Teacher Certification Board,* 359 Ill. App. 3d 1153, 1162 (2005); See also *Powers v. Arachnid, Inc.,* 248 Ill. App. 3d 134, 138 (1993) ("collateral estoppel[ ] bars a party or a party in privity from relitigating issues essential to and actually decided in a prior proceeding"). "Under collateral estoppel, the adjudication of the fact or question in the first cause will be conclusive of the same question in the later suit." *LaSalle Bank National Association v. Village of Bull Valley,* 355 Ill. App. 3d 629, 635 (2005) (citing *Nowak,* 197 Ill. 2d at 390). "In determining whether collateral estoppel applies, it is necessary to balance the need to limit litigation against the right to a fair adversary proceeding in which a party may fully present its case." *LaSalle Bank National Association,* 355 Ill. App. 3d at 636.

¶ 30    While the plaintiff's proceedings involve different time periods and different adverse employment decisions—in the first, plaintiff challenged his 2014 discharge, and here, plaintiff challenges the 2017 failure to hire him—the two cases involve a "controlling factor or question material to the determination of both cases [which] has been fully and completely resolved by a court of competent jurisdiction against" plaintiff.  See *Hayes,* 359 Ill. App. 3d at 1162.

¶ 31    As stated above, the threshold requirements for application of collateral estoppel are: (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final determination on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Herzog v. Lexington Township,* 167 Ill. 2d 288, 295 (1995); *Pine Top Receivables of Illinois, LLC*, 2017 IL App (1st) 161781, ¶ 8.

¶ 32    The two cases involve the identical issue as to whether the CPS background check procedure was discriminatory in violation of the Illinois Human Rights Act. 775 ILCS 5/2-103(A) (West 2016). In both cases, plaintiff brings his claim based on speculation that he was

discriminated against in the CPS background check procedure because his background check showed an arrest for an offense that is included in the CPS enumerated offenses list, while his convictions were for offenses that were not included on that list. Although this case involves a different time period, defendant makes the same allegations and relies on the same support in arguing that the adverse employment decisions constituted arrest discrimination.

¶ 33    Second, there was a final judgment on the merits in plaintiff's prior adjudication.  A final judgment has been traditionally defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 119 (1978). An adjudication from an administrative agency can serve as a final judgment for collateral estoppel purposes. *Bagnola v. SmithKline Beecham Clinical Labs,* 333 Ill. App. 3d 711, 717 (2002).

¶ 34    Here, plaintiff's 2014 charge was dismissed by the Commission in a final order. Plaintiff fully litigated his arrest discrimination claims before the Commission, and appealed to both the circuit and appellate courts. The Commission and this court concluded that plaintiff's criminal offenses were a legitimate, nondiscriminatory reason to disqualify him from employment, and that there was no evidence to support his claim that the school "relied upon his arrest rather than the convictions for 'violent' offenses in making the adverse employment decision." *Kilpatrick*, 2020 IL App (1st) 190879-U, ¶ 38. This court then affirmed that dismissal. *Id.* Accordingly, there was a final adjudication on the merits of plaintiff's previous proceeding.

¶ 35    Finally, "the party against whom estoppel is asserted,"—here, plaintiff—was clearly a party to the prior adjudication. A plaintiff may be collaterally estopped from relitigating an issue that was decided in a prior proceeding, even if the prior proceeding involved a different defendant. *Taylor v. People Gas Light & Coke Co.,* 275 Ill. App. 3d 655, 660 (1995). Accordingly, plaintiff's

argument that the Board was not in privity with Urban Prep does not guard against a finding of collateral estoppel, as collateral estoppel focuses on the party against whom estoppel is asserted.

¶ 36 At its core, plaintiff's second proceeding is an attempt to relitigate the question of whether the decision not to employ him was improperly based on CPS's knowledge of his arrest record. In these circumstances, plaintiff's current claims were properly dismissed under the doctrine of collateral estoppel. See *Pine Top Receivables of Illinois, LLC.*, 2017 IL App (1st) 161781, ¶ 8.

¶ 37 In so holding, we recognize that collateral estoppel is an equitable doctrine, and that even where the threshold elements of the doctrine are satisfied, it will not be applied if an injustice would result. *Talarico,* 281 Ill. App. 3d at 665. As stated above, however, plaintiff presented no argument in this appeal specific to the doctrine of collateral estoppel, and along with that failure, plaintiff never addressed whether, assuming the elements were satisfied, injustice would result from the application of the doctrine. Accordingly, we find any such argument to be forfeited. See Ill. Sup. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited").

¶ 38 Having concluded that plaintiff's complaint was properly dismissed on grounds of collateral estoppel, we need not reach the Board's alternative arguments, that *res judicata* also barred plaintiff's arrest discrimination claim, or that the claim was time-barred.

¶ 39 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 40 Affirmed.