2025 IL App (1st) 242176-U

No. 1-24-2176

Order filed October 30, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ANDRE KILPATRICK, | ) | Petition for Review of an Order |
| | ) | of the Illinois Human Rights |
| Petitioner-Appellant, | ) | Commission |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS HUMAN RIGHTS COMMISSION; ILLINOIS | ) | |
| DEPARTMENT OF HUMAN RIGHTS; and CITY | ) | |
| COLLEGES OF CHICAGO, | ) | |
| | ) | |
| Respondents-Appellees. | ) | Charge No. 2012CF0447 |

_____

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Lyle and Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the decision of the Illinois Human Rights Commission to dismiss with prejudice petitioner's complaint charging City Colleges of Chicago with racial discrimination and retaliation.

¶ 2    After petitioner, Andre Kilpatrick, filed a charge of racial discrimination and retaliation with the Illinois Department of Human Rights (Department) against his employer, City Colleges of Chicago (City Colleges), the Department filed a complaint on his behalf with the Illinois Human

Rights Commission (Commission). Following an evidentiary hearing, an administrative law judge issued a recommended order and decision to dismiss Kilpatrick's complaint with prejudice. The Commission adopted the administrative law judge's recommended order and decision as its own, and in turn, it dismissed Kilpatrick's complaint with prejudice. On appeal, Kilpatrick contends that: (1) the administrative law judge's recommended order and decision was obtained by fraud and judicial bias; and (2) the recommended order and decision was wholly unsupported by the record and against the manifest weight of the evidence. For the reasons that follow, we affirm the Commission's decision.

¶ 3                                    I. BACKGROUND

¶ 4     Kilpatrick obtained a bachelor of science degree in chemistry and a master's degree in organic chemistry. After obtaining his degrees, he began teaching at a high school, and in 2004, he began teaching chemistry in a part-time position at City Colleges. Later, Kilpatrick began teaching mathematics at City Colleges. In August 2011, Kilpatrick filed a charge of discrimination with the Department, claiming that he was denied chemistry teaching positions at Kennedy-King College, part of the City Colleges system, in June and August 2011 in retaliation for filing an earlier charge of discrimination. The earlier charge is not at issue in this appeal. Kilpatrick also claimed that he was denied a full-time teaching position at Kennedy-King College because of his race. The Department initially dismissed Kilpatrick's charge for lack of substantial evidence. But Kilpatrick filed a request for review with the Commission, which, in December 2018, vacated the Department's dismissal, reinstated the charge, and remanded the matter to the Department to enter a finding of substantial evidence. In March 2019, the Department filed a four-count complaint on

Kilpatrick's behalf with the Commission, raising the same claims Kilpatrick had alleged in his charge of discrimination.

¶ 5    The case ultimately proceeded to a September 2022 evidentiary hearing. The evidence generally showed that Dr. Michael Kazarinov, the chair of the physical sciences department at Kennedy-King College, recommended Kilpatrick be assigned to teach a Chemistry 201 course in the summer of 2011. However, the course was cancelled, apparently because of low enrollment. In the fall of 2011, Dr. Kazarinov recommended that Kilpatrick teach a Chemistry 121 class. Because Kilpatrick was a part-time instructor, he had a limited number of teaching hours. Adding the Chemistry 121 class to his existing schedule would have caused him to exceed this limit. Therefore, the dean of instruction's office declined Dr. Kazarinov's recommendation for Kilpatrick to teach the Chemistry 121 class. Nevertheless, Dr. Kazarinov advocated for an exception for Kilpatrick, and the school's administration agreed. However, Kilpatrick e-mailed Dr. Kazarinov and stated that he was unavailable to teach the Chemistry 121 class, citing "a conflict that was precipitated by the lentgh [*sic*] of time that it has taken to finalize [his] contract and also the confusion surrounding the total number of hours" he was allowed to teach as a part-time instructor.

¶ 6    Also in 2011, Kilpatrick applied for a full-time teaching position in the physical sciences department at Kennedy-King College. Kilpatrick was not among the three finalists for the position. All three finalists had a Ph.D., which Kilpatrick did not have. According to Dr. Kazarinov, the college preferred the full-time instructor to have a Ph.D. for various reasons.

¶ 7    In December 2023, an administrative law judge concluded that Kilpatrick failed to establish a *prima facie* case of retaliation or racial discrimination, and City Colleges articulated legitimate,

non-discriminatory reasons for their decisions. As a result, the administrative law judge recommended that Kilpatrick's complaint be dismissed with prejudice. Kilpatrick filed exceptions to the administrative law judge's recommended order and decision, and he requested the Commission deny the recommendation. In September 2024, the Commission declined review in the case and adopted the administrative law judge's recommended order and decision as its order and decision, resulting in the dismissal of Kilpatrick's complaint with prejudice.

¶ 8       Kilpatrick timely filed a petition for review in this court. See 775 ILCS 5/8-111(B)(1) (West 2022), Ill. S. Ct. R. 335 (eff. July 1, 2017). The Commission and Department have filed a joint appellees' brief while City Colleges has filed a separate appellee's brief (collectively, the appellees).

¶ 9                                          II. ANALYSIS

¶ 10      At the outset, before addressing Kilpatrick's contentions on appeal, we must address the appellees' arguments that Kilpatrick's brief falls short of the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Based on these alleged violations, the appellees assert that we should dismiss his petition for review. We agree that Kilpatrick's brief violates Rule 341(h) in multiple respects. First, his statement of facts is woefully insufficient in detailing the facts necessary to understand the case. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (the appellant's "[s]tatement of [f]acts *** shall contain the facts necessary to an understanding of the case ***"). Kilpatrick's statement of facts completely omits the procedural posture of the case and relevant testimony from his hearing, among other facts necessary to understand the case. Second, his argument section is completely devoid of any citations to legal authority. See Ill. S. Ct. R.

341(h)(7) (eff. Oct. 1, 2020) ("Argument *** shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities ***.")

¶ 11    What makes these violations especially flagrant is that this court has castigated Kilpatrick twice before for violations of Rule 341(h) and twice warned him that future violations could have adverse consequences to a subsequent appeal. See *Kilpatrick v. Board of Education of City of Chicago*, 2022 IL App (1st) 220002-U, ¶¶ 17-20; *Kilpatrick v. Human Rights Comm'n*, 2020 IL App (1st) 190879-U, ¶ 26. It is under this backdrop that the appellees request that Kilpatrick face consequences for his unabated violations of Rule 341. An appellant's brief must comply with Rule 341, as the rule is not a mere suggestion but rather mandatory. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. When an appellant fails to comply with Rule 341, this court may exercise its discretion to strike the brief and dismiss the appeal. *Id.* While striking a brief and dismissing an appeal is a severe sanction (*Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15) and potentially warranted in this case due to Kilpatrick's repeated violations over multiple appeals (see *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶¶ 15-20), such a severe sanction is generally warranted only when the noncompliance hinders our review. See *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005).

¶ 12    In this case, the record is short, and the appellees have provided this court with detailed briefs laying out the procedural history of the case and the evidence presented at the evidentiary hearing such that Kilpatrick's violations do not preclude our ability to review his petition for review. See *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶ 16 (noting that even though the appellant's brief did not comply with Rule 341(h), it would "not dismiss the appeal based on the deficiencies of his brief *** [b]ecause the record [was] short and

[it had] the benefit of appellee's cogent brief"). As such, we will not strike Kilpatrick's brief and dismiss his appeal based on his Rule 341(h) violations.

¶ 13    We now turn to the merits of Kilpatrick's petition for review, where he raises two contentions of error. First, he contends that the administrative law judge's recommended order and decision was obtained by fraud and judicial bias. Second, he contends that the recommended order and decision was wholly unsupported by the record and the Commission erred by adopting it. But, as previously discussed, in raising these two contentions of error, Kilpatrick never once cites any legal authority in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). The appellate court is "entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented." *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. We are "not a repository into which an appellant may foist the burden of argument and research." (Internal quotation marks omitted.) *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010). When a party fails to cite legal authority to support a claim of error in violation of Rule 341(h)(7), that claim is forfeited. *Morse v. Donati*, 2019 IL App (2d) 180328, ¶ 39. While we do not strike Kilpatrick's brief and dismiss his appeal for violations of Rule 341(h), practically speaking, the end result in this case is the same. Kilpatrick's failure to cite any legal authority in violation of the rule renders both contentions of error forfeited. See *id.* Accordingly, we must affirm the decision of the Commission.

¶ 14                                    III. CONCLUSION

¶ 15    For the forgoing reasons, we affirm the decision of the Commission.

¶ 16    Affirmed.